```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

JOYCE TAYLOR-WILLIAMS,

    Plaintiff,

v.                              Case No. 8:16-cv-87-T-33MAP

RAYMOND REMBERT,

    Defendant.
_____/

### ORDER

This matter comes before the Court upon consideration of Defendant Deputy Raymond Rembert's Motion to Dismiss (Doc. # 10), filed on February 18, 2016. Plaintiff Joyce Taylor-Williams filed a response on March 11, 2016. (Doc. # 24). For the reasons that follow, the Court grants the Motion.

**I.   Background**

Taylor-Williams was once a member of Bible Based Fellowship Church, which is located at 4811 Ehrlich Road, Tampa, Florida 33647. (Doc. # 6 at ¶ 2). On an unspecified date, Taylor-Williams was excommunicated from the Church. (Id. at ¶ 3). On March 25, 2012, Taylor-Williams went with her daughter to protest the Church's leadership, as well as her excommunication from the Church. (Id.). Taylor-Williams parked her car at an adjacent property. (Id.). During her

1

protest, Taylor-Williams "marched around in front of" the Church and "then took the those [sic] signs to a Hillsborough County owned sidewalk, street, and/or bike lane." (Id.).

The Church employs Rembert, a Hillsborough County Deputy Sheriff, on Sundays to provide security. (Id. at ¶ 4). Other than alleging Rembert's rate of pay, the Amended Complaint does not allege the specifics of the employment relationship between the Church and Rembert. The Church allegedly directed Rembert to end Taylor-Williams' protest and to arrest Taylor-Williams. (Id. at ¶ 5).

Rembert allegedly claimed Taylor-Williams' protest was unlawful because she was on the Church's property. (Id.). Rembert also allegedly "created an additional false basis for trespassing" her from the adjacent property. (Id.). According to the Amended Complaint, Rembert stated the owner of the adjacent property wanted Taylor-Williams trespassed because she was screaming, yelling, and interrupting his business. (Id. at ¶ 12). The Amended Complaint further alleges the adjacent property owner "never made any such assertions against" Taylor-Williams and that a prior trespass warning had not been issued vis-à-vis the adjacent property. (Id.).

Rembert arrested Taylor-Williams and she was "incarcerated for 19 days." (Id. at ¶ 6). "Criminal

2

proceedings were . . . brought against [Taylor-Williams] but . . . were terminated in her favor." (Id. at ¶ 13). The date on which the criminal proceedings terminated is not alleged.

Taylor-Williams subsequently brought suit against Rembert by filing a pro se complaint on January 13, 2016. (Doc. # 1). An Amended Complaint was filed on January 29, 2016. (Doc. # 6). After Rembert filed the pending Motion, counsel filed a notice of appearance on behalf of Taylor-Williams. Taylor-Williams filed a response in opposition to Rembert's Motion on March 11, 2016. The Motion is now ripe for review.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. Discussion

As an initial matter, the Court notes that Rembert's argument regarding service of process raised under Rule 12(b)(5), Fed. R. Civ. P., has been mooted. See (Doc. # 23) (showing service of process effected on February 29, 2016, by non-party process server). And, although Taylor-Williams attached the affidavit of Cliffany Williams to her response in opposition (Doc. # 24-1), the Court declines to review that affidavit, as the Court limits its review to the four corners of the Amended Complaint. See St. George, 285 F.3d at 1337.

4

Count I of the Amended Complaint alleges malicious prosecution under Florida law. (Doc. # 6 at 3-5). The elements of a malicious prosecution claim are

> (1) a criminal proceeding was instituted or continued against the plaintiff, (2) the present defendant commenced or caused the commencement of such proceeding, (3) the criminal proceeding had a bona fide termination in the plaintiff's favor, (4) there was no probable cause for initiating the proceeding, (5) the present defendant acted maliciously, and (6) the plaintiff suffered damages as a result.

Abdullah v. Osceola Cty. Sheriff, No. 6:14-cv-629-Orl-40TBS, 2015 WL 5915818, at *3 (M.D. Fla. Oct. 8, 2015) (citing Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994)). Count II of the Amended Complaint alleges false arrest under 42 U.S.C. § 1983. (Doc. # 6 at 5-6). "A warrantless arrest without probable cause . . . forms a basis for a section 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996).

Upon review, the Court determines that dismissal of the Amended Complaint is appropriate. The Amended Complaint is a shotgun pleading. "When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006).

5

The Amended Complaint does not indicate if Rembert is being sued in his individual or official capacity, or both. (Doc. # 6). "The distinction between an individual capacity suit . . . and an official capacity suit is a significant one." Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, 563 U.S. 277, 287 (2011). To be sure, a defendant sued in its individual capacity "may . . . be able to assert . . . qualified immunity," whereas a defendant sued in its official capacity may only claim "forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." Smith, 502 F.3d at 1271-72 (citations omitted). This distinction in capacity also has an effect under Florida law. See Fla. Stat. §§ 768.28(6)(a), (9)(a) (listing pre-suit requirements for an action brought against the state and prerequisite for holding employee of governmental entity personally liable).

The Amended Complaint is a shotgun pleadings because it fails to allege the capacity in which Rembert is being sued. See Thorn v. Randall, No. 8:14-cv-862-T-36MAP, 2014 WL 5094134, at *2 (M.D. Fla. Oct. 24, 2014) (finding complaint "a deficient shotgun pleading" because plaintiff "fail[ed] to specify whether he [was] suing [defendants] in their

6

individual capacities and/or official capacities"). While Rembert construes the Amended Complaint as asserting counts against him in both his official and individual capacities, the Amended Complaint makes no mention as to capacity. Without knowing the capacity in which Rembert is being sued, the Court is unable to determine the appropriateness of Rembert's immunity defenses. Thus, dismissal is appropriate. Holder v. Gualtieri, No. 8:14-cv-3052-T-33TWG, 2015 WL 370048, at *4 (M.D. Fla. Jan. 27, 2015) (dismissing complaint with leave to amend partly because it failed to indicate capacity in which defendant was sued).

The Amended Complaint is also a shotgun pleading because Paragraph 16 reincorporates every preceding Paragraph into Count II, as well as two succeeding Paragraphs that are themselves included within Count II. (Doc. # 6 at ¶ 16). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) (characterizing the most common type of shotgun pleading as "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint").

7

In addition, the Amended Complaint contains ambiguous and long-winded factual allegations. The Amended Complaint is also unclear as to basis of the alleged false arrest. Compare (Doc. # 6 at ¶ 5) (alleging arrest based on two reasons), with (Id. at ¶ 12) (alleging arrest based on one reason). Furthermore, the Court is not bound to accept the Amended Complaint's conclusory allegation that "[p]robable cause for the criminal proceeding against the Plaintiff was absent, as per Johnson v. City of Pompano Beach, 406 So. 2d 1257 (Fla. 4th DCA 1981)." (Doc. # 6 at ¶ 14) (underlining added). Although detailed factual allegations are not required, Taylor-Williams must allege sufficient facts, not mere conclusionary allegations, in a manner that comports with the Federal Rules of Civil Procedure.

In light of the foregoing, the Court finds dismissal appropriate. As such, the Amended Complaint is dismissed without prejudice and with leave to amend. In so doing, the Court directs Taylor-Williams' attention to Rules 8(a) and 10(b), Fed. R. Civ. P., in particular. Taylor-Williams may file a second amended complaint by May 9, 2016.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

8

(1) Defendant Raymond Rembert's Motion to Dismiss (Doc. # 10) is **GRANTED** to the extent provided herein.

(2) Plaintiff Joyce Taylor-Williams may file a second amended complaint by May 9, 2016.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of April, 2016.

<u>					                         </u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE