UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE TAYLOR-WILLIAMS,

    Plaintiff,

v.                                Case No. 8:16-cv-87-T-33MAP

RAYMOND REMBERT,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff Joyce Taylor-Williams's "Motion for Reconsideration of Defendant's Ruling/Order in Favor of Summary Judgment" (Doc. # 55), which was filed on January 25, 2017. Defendant Deputy Raymond Rembert filed a response in opposition on January 27, 2017. (Doc. # 56). For the reasons below, the Court denies the Motion.

**I.   Background**

The Court provided an in-depth review of the facts of this case in its January 20, 2017, Order and need not reiterate those facts now. Suffice it to say that Taylor-Williams was arrested for trespass after warning on March 25, 2012, while she protested her excommunication from the Bible Based Fellowship Church. Taylor-Williams subsequently brought

suit against Rembert, the arresting officer, under 42 U.S.C. § 1983 for false arrest. At summary judgment, Rembert asserted qualified immunity. After the parties submitted their respective briefing, the Court found Rembert entitled to qualified immunity on the basis that he had arguable probable cause to arrest Taylor-Williams for trespass after warning. The Court accordingly granted summary judgment in favor of Rembert as to the false-arrest claim and dismissed Taylor-Williams's related state-law claim without prejudice. Taylor-Williams now moves for reconsideration.

## II. Standard

Because Taylor-Williams does not identify the Federal Rule of Civil Procedure under which she presently moves for reconsideration, the Court must determine, as a preliminary matter, what Rule governs. In determining what Rule a motion falls under, a court looks at the relief requested, not the labels the movant places on it. See Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir. 1990). When a motion for reconsideration is filed within 28 days of the Court's Order, Rule 59 applies. Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015); Murphree v. Colvin, No. CV-12-BE-1888-M, 2015 WL 631185, at *1 (N.D. Ala. Feb.

15, 2013) ("'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of a dispute,' such as orders on motions for summary judgment.") (citations omitted). Thus, contrary to Rembert's position that Rule 60(b) governs, Rule 59 governs the pending Motion as it was filed within 28 days of the Court's Order.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)) (quotation marks and alterations omitted). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).


Case 8:16-cv-00087-VMC-MAP   Document 59   Filed 01/30/17   Page 3 of 7 PageID 681

15, 2013) ("'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of a dispute,' such as orders on motions for summary judgment.") (citations omitted). Thus, contrary to Rembert's position that Rule 60(b) governs, Rule 59 governs the pending Motion as it was filed within 28 days of the Court's Order.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)) (quotation marks and alterations omitted). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

**III. Analysis**

Without expressly saying as much, the thrust of Taylor-Williams's Motion is the Court misapplied the controlling standard of law by ignoring material issues of genuine fact. The Court's January 20, 2017, Order does provide a lengthy discussion of the general standard that governs summary judgment. (Doc. # 53 at 6-8). The Court did not stop there, however. In its analysis, the Court applied the specific standard applicable to an assertion of qualified immunity in a 42 U.S.C. § 1983 case. (Id. at 9-24). In particular, the Court noted that a court "consider[s] the record in the light most favorable to the plaintiff, eliminating all issues of fact," which means that "[m]aterial issues of disputed fact are not a factor in the court's analysis of qualified immunity and cannot foreclose the grant or denial of summary judgment based on qualified immunity." (Doc. # 53 at 14-15 (quoting Wate v. Kubler, 839 F.3d 1012, 1019 (11th Cir. 2016)).

A review of the Court's analysis demonstrates that the Court analyzed whether qualified immunity applied given Taylor-Williams's best case. See, e.g., (Id. at 16) (stating, "And, as required at this stage, see, e.g., Wate, 839 F.3d at 1019, the Court must accept that Taylor-Williams was not in fact on the Church's property and that she had not placed any

4

of her signs in the grounds on the Church's property.). The Court also noted that "[t]he issue at hand, however, [wa]s not whether Taylor-Williams in fact committed the offense . . .; rather, the issue [wa]s whether Rembert had arguable probable cause . . . ." (Id. at 14) (citations omitted). After providing a thorough examination of the record, the Court concluded Rembert had arguable probable cause to arrest Taylor-Williams for trespass after warning based on several factors: the proximity of the two properties, that Rembert knew Taylor-Williams had been previously issued a trespass warning, and, most importantly, Rembert testified he received a transmission over his radio that a Church official had seen Taylor-Williams back on Church property—something which Taylor-Williams failed to contradict with her own evidence. (Id. at 13-19).

In sum, the Court finds Taylor-Williams's argument that the Court misapplied the controlling standard of law unpersuasive. The Court now turns to Taylor-Williams's reliance on evidence she failed to submit for consideration when responding to Rembert's motion for summary judgment.

When Taylor-Williams responded to Rembert's motion for summary judgment, she attached excerpts of David Weaver Rogers's deposition transcript. (Doc. # 49-2). In total, only

5

seven pages of Rogers's deposition transcript were filed. (Id.) (providing pages 1, 7, and 17-21 of Rogers's deposition transcript). Now, after the Court ruled on summary judgment, Taylor-Williams attempts to rely on portions of Rogers's deposition that she did not cite, let alone provide to the Court. (Doc. # 55 at 2) (quoting Rogers Depo. at 15:14-16:23); (Id. at 5) (quoting Rogers Depo. at 13:21-14:3). But, Taylor-Williams cannot use a Rule 59(e) motion to belatedly submit evidence for review. Michael Linet, 408 F.3d at 763.

Taylor-Williams's other arguments merely rehash arguments the Court addressed in its January 20, 2017, Order. The Court found those arguments unpersuasive then and sees no reason to readdress those arguments now or retreat from its prior conclusion. Also, "a Rule 59(e) motion [cannot be used] to relitigate old matters . . . ." Id.

As before, Taylor-Williams failed to submit evidence contradicting the fact that Rembert received a radio transmission informing him that Taylor-Williams was back on Church property. Therefore, Taylor-Williams failed to carry her burden of demonstrating a lack of arguable probable cause.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Joyce Taylor-Williams's "Motion for Reconsideration of Defendant's Ruling/Order in Favor of Summary Judgment" (Doc. # 55) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of January, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE