UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE TAYLOR-WILLIAMS,

    Plaintiff,

v.   Case No. 8:16-cv-87-T-33MAP

RAYMOND REMBERT,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant Raymond Rembert's Motion for an Award of Costs and Attorney's Fees against Plaintiff, Joyce Taylor-Williams (Doc. # 57), filed on January 27, 2017. Taylor-Williams failed to file a response in opposition to the Motion. Nevertheless, upon review, the Court finds that the Motion should only be granted in part.

**I.  Background**

This 42 U.S.C. § 1983 action arose from Taylor-Williams's arrest for trespass after warning on March 25, 2012. (Doc. # 31). Taylor-Williams filed her first Complaint pro se on January 13, 2016. (Doc. # 1). After obtaining counsel, Taylor-Williams filed her Second Amended Complaint on May 6, 2016. (Doc. # 31). The Second Amended Complaint asserted a state-law claim for malicious prosecution against

Rembert in his individual capacity and a § 1983 claim for false arrest against Rembert in his individual capacity. (Id.).

Rembert timely filed a motion for summary judgment, arguing in relevant part that he was entitled to qualified immunity. (Doc. # 48). Taylor-Williams responded and Rembert replied. (Doc. ## 49, 50). On January 20, 2017, this Court granted Rembert's motion for summary judgment as to the § 1983 claim after finding Rembert entitled to qualified immunity. (Doc. # 53). Furthermore, this Court declined to exercise supplemental jurisdiction over the remaining state-law claim and, therefore, dismissed the state-law claim for malicious prosecution without prejudice. (Id.). The Clerk subsequently entered judgment in favor of Rembert as to the § 1983 claim on January 23, 2017. (Doc. # 54).

Two days later, Taylor-Williams filed a motion for reconsideration of the Court's January 20, 2017, Order. (Doc. # 55). Rembert responded in opposition and filed the pending Motion seeking an award of costs and attorney's fees. (Doc. ## 56, 57). The Court denied the motion for reconsideration on January 30, 2017. (Doc. # 59). At this juncture, the time for filing a response to the pending Motion for costs and

fees has expired and Taylor-Williams failed to respond. The Court now turns to Rembert's Motion.

## II. Standard

### A. 28 U.S.C. § 1920

"Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *2 (M.D. Fla. Nov. 21, 2013); see Durden v. Citicorp Tr. Bank, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010)(stating that Rule 54 establishes a strong presumption that costs should be awarded unless the district court decides otherwise) (citing Chapman v. Al Transp., 229 F.3d 1012, 1038 (11th Cir. 2000)). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered;" the district court must articulate a sound reason for not awarding full costs. Chapman, 229 F.3d at 1039 (internal citations omitted).

Pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

(1) Fees of the clerk and marshal;

3

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920; see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-41 (1987), superseded on other grounds by 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994).

### B. Section 768.79, Florida Statutes

Section 768.79 provides that, in a civil action for damages, "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer if the judgment is one of no liability . . . ." Fla. Stat. § 768.79(1). The offer-of-judgment statute "acts as a sanction against a party who rejects a purportedly reasonable settlement offer" and thereby "is intended to reduce litigation costs by encouraging settlement." Kahama VI, LLC v. HJH, LLC, No. 8:11-cv-2029-T-30TBM, 2017 WL 565008, at *2 (M.D. Fla. Feb. 13, 2017) (citations omitted). "[A] court may deny . . . costs and fees if it finds that the defendant did not make its offer of judgment in good faith. . . . The offeree has the burden of proving the absence of good faith." Id. at *3 (citations omitted).

In addition, "'[t]he offer-of-judgment statute leaves unchanged the "traditional rule" that the recovery of costs presents a procedural matter for federal law.'" Johnson v. Thor Motor Coach, Inc., No. 5:15-cv-85-Oc-PRL, 2017 WL 552737, at *3 (M.D. Fla. Feb. 10, 2017) (quoting Jalosinski v. Dorel Juvenile Grp., Inc., No. 2:13-cv-371, 2015 WL

5

4395406, at *5 (M.D. Fla. July 16, 2015)). Thus, "courts in this District have held that a party cannot recover any costs under [Section] 768.79 beyond those authorized by federal law." Id.  And, with respect to attorney's fees, Section "768.79 cannot be the basis for shifting one party's attorney's fees to another on a federal claim." Design Pallets, Inc. v. Gray Robinson, P.A., 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008) (declining to award attorney's fees based on Section 768.79 where court declined to exercise supplemental jurisdiction over state-law claim and only entered judgment on the federal claim); see also Santiago v. Jamison, No. 2:13-cv-781-FtM-29CM, 2017 WL 563185, at *3 (M.D. Fla. Feb. 13, 2017) (denying motion seeking award of attorney's fees based on Section 768.79 where the only causes of action adjudicated were federal claims).

### III. Discussion

#### A. Prevailing Party

Upon granting Rembert's motion for summary judgment as to the § 1983 claim, and dismissing the state-law claim, judgment was entered in favor of Rembert as to the § 1983 claim. (Doc. # 54). Thus, Rembert is the prevailing party and is entitled to costs under Rule 54(d). See Powell v. Carey Int'l, Inc., 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008)

6

(stating a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing the suit.'").

### B. Award of Costs and Reasonable Fees

#### 1. Mediation Costs Unrecoverable

Rembert seeks to recover $360 paid in fees for mediation. (Doc. # 57-2 at 1). It is well-settled within the Middle District that costs associated with mediation, even court-ordered mediation, are not recoverable under § 1920. Tempay Inc., 2013 WL 6145533, at *6; see Lane v. G.A.F. Material Corp., No. 8:11–cv-2851-T-30TBM, 2013 WL 1881298, at *2 (M.D. Fla. May 3, 2013) (finding "the law is clear that costs associated with mediation are not recoverable under § 1920"); see also Nicholas v. Allianceone Receivables Mgmt., Inc., 450 Fed. Appx. 887, 888 (11th Cir. 2012) (stating "[t]his appeal concentrates on the district court's ruling that Nicholas was not entitled to mediation fees because those costs are not taxable under 28 U.S.C. § 1920. We agree with the district court's ruling . . ."). Therefore, Rembert is not entitled to costs for mediation.

#### 2. Transcript Fees

Rembert also seeks to recover $1,985.85 in fees paid for the deposition transcripts of Laura Umfer, Psy.D., Kenneth P.

7

Pages, M.D., Cliff Williams, and Cliffany Williams. (Doc. # 57-2 at 1). All four depositions were conducted, and the transcripts thereof purchased, after Rembert served Taylor-Williams with the offer of judgment. (Doc. # 57-1 at 2) (showing offer of judgment served in September of 2016); (Doc. # 57-2 at 1) (showing depositions held and transcripts purchased in November and December of 2016). By her failure to file a response, Taylor-Williams does not contest Rembert's entitlement to costs in the form of transcript fees. Thus, the Court awards Rembert $1,985.85 for fees paid to obtain deposition transcripts.

### 3. Expert Fees

"When seeking reimbursement for fees paid to a party's own expert witness, as opposed to a witness appointed by the court, a federal court is bound by the limitations of 28 U.S.C. § 1821, absent contract or explicit statutory authority to the contrary." Johnson, 2017 WL 552737, at *4. So, fees incurred by a party for its own expert "cannot be taxed in excess of the $40-per-day limit set out in § 1821(b), in addition to travel expenses." Id. (quoting North v. Mayo Grp. Dev., LLC, No. 3:11-cv-444-J-32JBT, 2013 WL 3461932, at *3 (M.D. Fla. July 9, 2013)).

None of the experts for whom Rembert incurred charges were appointed by the Court. Therefore, Rembert is only entitled to $40 per day per expert. From the meager documentation submitted by Rembert, the Court cannot determine whether any of the experts spent more than one day working on matters related to this case. Likewise, the Court has no documentation before it showing a request, let alone substantiating any such request, for reimbursement of travel expenses. As such, the Court grants Rembert's Motion in part and denies the Motion in part as to expert fees. See Loranger, 10 F.3d at 784 (the party seeking an award of costs bears the burden of submitting a request that enables the Court to determine whether those costs are recoverable). Rembert is awarded $120 for expert fees.

### 4. Costs for Making or Obtaining Copies

Rembert seeks to recover $20 expended to purchase copies of medical records from Laura Umfer, Psy.D., LLC. (Doc. # 57-2 at 1). However, Rembert provides no documentation or description of the medical records obtained that would allow the Court to determine whether the copies were necessarily obtained for use in this § 1983 false-arrest case. Rembert's vague explanation of costs incurred to obtain these medical records is insufficient to warrant an award. See E.E.O.C. v.

9

W & O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) (stating "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed it was necessary to copy the papers at issue"); Loranger, 10 F.3d at 784 (the party seeking an award of costs bears the burden of submitting a request that enables the Court to determine whether those costs are recoverable). Accordingly, the Motion is denied to the extent it seeks recovery of costs incurred for obtaining medical records.

### 5. Medical Exam Fee

Rembert seeks to recover $3,150 for fees paid for a medical exam presumably of Taylor-Williams. (Doc. # 57-2 at 1). However, fees incurred for obtaining a medical exam are not encompassed by the plain language of § 1920 and are not recoverable. 28 U.S.C. § 1920; Opalinsky v. Gee, No. 8:14-cv-2280-T-33TGW, 2016 WL 853137, at *3 (M.D. Fla. Mar. 4, 2016). Thus, Rembert's Motion is denied to the extent it seeks to recover fees paid for a medical exam.

### C. Attorney's Fees

While Taylor-Williams brought a § 1983 claim and a state-law claim, the Court declined to retain jurisdiction over the state-law claim after it granted summary judgment in favor of Rembert as to the § 1983 claim. Because the Court declined to

retain jurisdiction over the state-law claim, judgment was entered only with respect to the § 1983 claim. As such, Section 768.79 cannot form the foundation for shifting attorney's fees from Rembert to Taylor-Williams. Design Pallets, 583 F. Supp. 2d at 1287; Santiago, 2017 WL 563185, at *3. The Court now turns to the issue of whether Rembert is entitled to an award of reasonable fees under § 1988.

Section 1988(b) states a "court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." "[A] prevailing defendant may recover attorney's fees only when the court finds that the plaintiff's claim was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Vavrus v. Russo, 243 Fed. Appx. 561, 562–63 (11th Cir. 2007) (internal quotation marks omitted) (quoting Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) (characterizing a prevailing defendant's burden as "more stringent" than a prevailing plaintiff's burden)). "[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without

11

foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978).

The Eleventh Circuit instructs that frivolity determinations be "made on a case-by-case basis, taking into account various factors, including (1) whether the plaintiff established a *prima facie* case, (2) whether the defendant offered to settle[,] and (3) whether the suit was dismissed before trial." Vavrus, 243 Fed. Appx. at 563. The Eleventh Circuit also provided a fourth factor: a "'claim is not frivolous when it is "meritorious enough to receive careful attention and review."'" Barnes v. Zaccari, 592 Fed. Appx. 859, 872 (11th Cir. 2015) (citations omitted). Ultimately, these factors are "general guidelines only, not hard and fast rules." Id.

After reviewing the evidence in a light most favorable to the non-prevailing plaintiff, Cordoba v. Dillard's Inc., 419 F.3d 1169, 1179 (11th Cir. 2005), the Court determines that, albeit ultimately unsuccessful at summary judgment, the case was not frivolous for purposes of awarding attorney's fees under § 1988(b). From the outset, summary judgment in favor of a defendant does not automatically entitle that defendant to attorney's fees under § 1988(b). Vavrus, 243 Fed. Appx. at 563.

While Rembert made a settlement offer and the case was disposed of prior to trial, Rembert has failed to demonstrate that Taylor-Williams did not establish a *prima facie* case. Rembert moved to dismiss the Amended Complaint, but he did not seek to dismiss the Second Amended Complaint. Moreover, judgment was entered in favor of Rembert with respect to the § 1983 claim because the Court found that he was entitled to qualified immunity, not because Taylor-Williams failed to establish a *prima facie* case. Furthermore, the case also received careful attention and review by Court. In sum, Rembert has not shown this case was frivolous. Accordingly, the Court denies Rembert's Motion to the extent it seeks to recover attorney's fees.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Raymond Rembert's Motion for an Award of Costs and Attorney's Fees against Plaintiff, Joyce Taylor-Williams (Doc. # 57) is **GRANTED IN PART AND DENIED IN PART.** Rembert is awarded $2,105.85 in costs.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of February, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE